UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEAN V. KRUSE and | ) | |
| KRISTIN MCGRADE KRUSE, | ) | |
| | ) | |
| Individually and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-323 |
| | ) | |
| GOLDMAN SACHS & CO., | ) | |
| GS PEP TECHNOLOGY FUND 2000, LP, and | ) | |
| GS PEP TECH 2000 ADVISORS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On September 13, 2010, the Plaintiffs filed this putative class action, broadly claiming that "[t]his Court has subject matter jurisdiction . . . pursuant to 28 U.S.C. § 1332." (Compl. ¶ 4.) The Complaint alleges that the Plaintiffs are residents of DeKalb County, Indiana; Defendant Goldman Sachs is a New York corporation; Defendant GS PEP Technology Fund 2000 is a New York limited partnership; and Defendant GS PEP Tech 2000 Advisors is a New York limited liability company. (Compl. ¶¶ 6-10.) The Plaintiffs' Complaint, however, is woefully inadequate to establish this Court's jurisdiction.

To begin, the Plaintiffs have not indicated the specific jurisdictional basis for their supposed class action. A class action may be maintained under 28 U.S.C. § 1332(a), as long as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *See Gradeless v. Am. Mut. Share Ins. Corp.*, No. 1:10-cv-86, 2010 WL 1935867, at *1 (S.D. Ind. May 7, 2010) (citing *Bergquist v. Mann Brackn, LLP*, 592 F.3d 816, 818 (7th Cir. 2010)).

Alternatively, a class action may be brought under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). CAFA provides, in part, that federal courts have jurisdiction over class actions in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs, and any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). *See Lake County Convention & Visitors Bureau, Inc. v. Hotels.com, LP*, No. 2:06-cv-207, 2006 WL 1793583, at *1-2 (N.D. Ind. June 27, 2006). The Plaintiffs, however, have only suggested that jurisdiction is proper under "28 U.S.C. § 1332." As a preliminary matter, therefore, the Plaintiffs must indicate the specific jurisdictional basis for their suit.

Once the Plaintiffs have clarified the statutory basis for this Court's jurisdiction, they must then address the citizenship of the parties. Regardless of whether the Plaintiffs are relying on 28 U.S.C. § 1332(a) or § 1332(d) for jurisdiction, their Complaint fails to establish the citizenship of *any* of the parties. To begin, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). The Plaintiffs, however, have improperly made many of their jurisdictional allegations only on information and belief.

Next, the Plaintiffs have alleged that Dean Kruse and Kristin McGrade Kruse are residents of DeKalb County, Indiana. (Compl. ¶¶ 6, 7.) However, the "residency" of a party is

meaningless for purposes of diversity jurisdiction, as "citizenship is what matters." *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted). "For natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("In federal law citizenship means domicile, not residence."). The Plaintiffs must therefore amend their Complaint to properly allege their own citizenship.

Additionally, the Plaintiffs have merely alleged that Defendant Goldman Sachs is a New York corporation. However, corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Accordingly, the Plaintiffs must also amend their Complaint to establish the citizenship of Goldman Sachs.

The Plaintiffs next allege that Defendant GS PEP Technology Fund 2000 is a New York limited partnership. However, "both general and limited partnerships are citizens of every jurisdiction of which any partner is a citizen." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998); *see also Guar. Nat'l Title Co.,* 101 F.3d at 59 ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only

3

partners, each of which has one or more citizenships."); *Hart v. Terminex Int'l*, 336 F.3d 541, 544 (7th Cir. 2003). Thus, the court needs to know the names and citizenship of GS PEP Technology Fund 2000's partners. *See Guar. Nat'l Title Co.*, 101 F.3d at 59; *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320-21 (7th Cir. 2002).

Similarly, the Plaintiffs have alleged that Defendant GS PEP Tech 2000 Advisors is a New York limited liability company. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Therefore, the Court must be advised of the citizenship of *each* member of GS PEP Tech 2000 Advisors to ensure that none of its members share a common citizenship with the Plaintiffs. *See Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006).

Moreover, citizenship must be "traced through multiple levels" for those members of GS PEP Technology Fund 2000 and GS PEP Tech 2000 Advisors who are themselves a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004); *Meyerson*, 312 F.3d at 320.

Finally, the Plaintiffs must address the amount in controversy. The Plaintiffs have alleged that their original investment with Goldman Sachs of $2,606,058 is now worth only $758,180.81. (Compl. ¶¶ 19, 21.) The Plaintiffs' apparent loss of $1,847,877.19 clearly exceeds the required $75,000 in controversy under 28 U.S.C. § 1332(a).[1] If the Plaintiffs are relying on

---

[1] The Court also notes that "In the class action context, the amount in controversy is measured in terms of each plaintiff's separate claim, not the aggregate amount that may be at risk for the defendant." *Ivory v. Merck & Co., Inc*., 341 F. Supp. 2d 1054, 1056 (N.D. Ill. 2004) (citing *Snyder v. Harris*, 394 U.S. 332, 338 (1969); *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973)).

CAFA, however, they must amend their answer to allege the requisite $5,000,000 in controversy. *See* 28 U.S.C. § 1332(d)(2).

To summarize, the Plaintiffs are ORDERED to file an Amended Complaint forthwith, specifically providing the jurisdictional basis for their lawsuit. Furthermore, the Plaintiffs are to properly allege—on personal knowledge—their own citizenship and that of each Defendant, tracing the citizenship of unincorporated associations through all applicable layers of ownership if necessary. Finally, the Plaintiffs must establish the requisite amount in controversy.

SO ORDERED.

Enter for September 15, 2010.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge