IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEAN V. KRUSE and KRISTIN MCGRADE KRUSE, *Individually and on behalf of all others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No: 1:10-CV-323 |
| GOLDMAN, SACHS & CO, L.P., GS PEP TECHNOLOGY FUND 2000, L.P., and GS PEP TECH 2000 ADVISORS, L.L.C., | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Attorney David Brown's Motion to Withdraw Appearance filed on May 11, 2012, seeking to withdraw his appearance for the Plaintiffs, Dean Kruse and Kristin McGrade Kruse, in this purported class action. (Docket # 45.) For the following reasons, Attorney Brown's Motion to Withdraw Appearance will be DENIED.

First, Brown's motion is procedurally defective under Local Rule 83-8(c). Under this rule, unless another attorney has appeared for the party, an attorney seeking to withdraw an appearance must file a motion that includes: "(1) satisfactory evidence that the attorney gave the party written notice of the attorney's intent to withdraw at least seven days before filing the motion; and (2) in civil cases, the party's last known contact information, including an address and telephone number." N.D. Ind. L.R. 83-8(c)(1)-(2). Although Brown's motion includes a letter sent to Dean Kruse on May 1, 2012, providing sufficient notice to this client (Docket # 45-

1

1), this letter does not purport to serve as notice to Kristin McGrade Kruse. Moreover, the motion does not contain the last known contact information, including both an address and telephone number, for both of the Plaintiffs.

Additionally, "[i]t is well settled that the discretion to grant or deny an attorney's motion to withdraw in a case such as this lies with the district court." *Barbee v. L. Fish Furniture Co.*, No. 1:05-cv-00550, 2006 WL 3201938, at *1 (S.D. Ind. May 4, 2006) (citing *Washington v. Sherwin Real Estate, Inc*., 694 F.2d 1081, 1087 (7th Cir. 1982)). Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his or her representation of a party, including simply that "good cause for withdrawal exists." Ind. Rule of Prof'l Conduct 1.16(c). "When an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the client, the other parties, and the court." *Burns v. Gen. Motors Corp*., No. 1:06-cv-499, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007); *see also Fiscus v. Silgan Plastics Corp*., No. 1:05-cv-0157, 2005 WL 1528232, at *1 (S.D. Ind. June 28, 2005).

Here, Brown does not show good cause or any other basis justifying his withdrawal as counsel. The only basis he provides is in his May 1, 2012, letter to Mr. Kruse, in which he states he intends to withdraw "due to no contact" and his desire "to limit [his] law practice to the state courts at this time." (Docket # 45-1.) Without more, Brown has failed to make a showing of good cause for his withdrawal. And considering the interests of Brown's clients, *Burns*, 2007 WL 4438622, at *1, if Brown were permitted to withdraw, the Plaintiffs would be without counsel as no substitute counsel has appeared.

Therefore, for the foregoing reasons, Attorney Brown's motion to withdraw (Docket #

45) is DENIED.

SO ORDERED.

Entered this 26th day of June, 2012

/S/ Roger B. Cosbey<br>Roger B. Cosbey,<br>United States Magistrate Judge