IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEAN V. KRUSE and KRISTIN MCGRADE KRUSE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDMAN, SACHS & CO., L.P., et al.,<br><br>    Defendants. | Case No: 1:10-cv-00323 |

## OPINION AND ORDER

This matter is before the Court on Attorney David Brown's Motion to Withdraw Appearance filed on November 2, 2012, seeking to withdraw his appearance for the Plaintiffs, Dean Kruse and Kristin McGrade Kruse, in this purported class action. (Docket # 54.) This is the second time Attorney Brown has sought to withdraw from this case, as the Court denied his first motion to withdraw filed on May 11, 2012. (Docket # 45, 46.)

Attorney Brown's second motion to withdraw will also be denied. As explained in this Court's June 26, 2012, Opinion and Order (Docket # 46), Indiana Rule of Professional Conduct 1.16 sets forth various bases upon which an attorney of record may withdraw his representation of a party, including simply that "good cause for withdrawal exists." IND. RULE OF PROF'L CONDUCT 1.16(c); *see Burns v. Gen. Motors Corp.*, No. 1:06-cv-499, 2007 WL 4438622, at *1 (S.D. Ind. Nov. 30, 2007) ("When an attorney seeks to withdraw from a case and no substitute counsel have appeared, the court must consider the interests not only of the counsel but also the client, the other parties, and the court."). Although Attorney Brown has cured the procedural

1

deficits in his first motion to withdraw, he still fails to offer *any* basis upon which to find "good cause" for the withdrawal.

Moreover, "[t]oo often, a plaintiff's attorney will seek to with draw from a weak case, leaving the case like an orphan on the court's and the opponent's doorstep." *Id*. at 2.  "The court and the opponent are thus left the task of educating the *pro se* party about applicable law and procedure, and often about the weakness in his [or her] case." *Id*.  "Typically, such education should be the responsibility of that party's original lawyer." *Id*.

Finally, this is a purported class action.  If the Court were to grant Attorney Brown's motion, Plaintiffs Dean and Kristin Kruse would likely be left to represent themselves and probably could not proceed with the class action, causing the functional end to any claim by the putative class. *See Moorish Nat'l Republic: Fed. Gov't Moorish Divine & Nat'l Movement of the World v. City of Chicago*, No. 10-cv-1047, 2011 WL 2893024, at * (N.D. Ill. July 19, 2011) ("Because a lay person does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant.").

Accordingly, Attorney Brown's Motion to Withdraw Appearance (Docket # 54) is DENIED.

SO ORDERED.

Entered this 6th day of November, 2012.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
