UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DEAN V. KRUSE and KRISTIN MCGRADE KRUSE, *Individually and on behalf of all others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO.: 1:10-CV-323-JD<br>) |
| GS PEP TECHNOLOGY FUND 2000 LP, GS PEP TECH 2000 ADVISORS LLC, and GOLDMAN SACHS & CO. LP, | )<br>)<br>)<br>) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on the motion for reconsideration [DE 49] filed by Defendants Goldman, Sachs & Co. LP, GS Pep Technology Fund 2000 LP, and GS Pep Tech 2000 Advisors LLC ("Defendants") pursuant to Federal Rules of Civil Procedure 54(b) and 60. Therein, Defendants request the Court's reconsideration of its September 19, 2012 order [DE 47] denying in part the Defendants' motion to dismiss Plaintiffs' Third Amended Complaint [DE 41] relative to the contract claim.[1] For the reasons that follow, Defendants requested reconsideration is DENIED.

Motions for reconsideration "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted). Accordingly, a court will entertain a motion for reconsideration only where the court has misunderstood a party,

---

[1] The Court granted Defendants' motion to dismiss relative to the claim for fraud, and provided an opportunity for Plaintiffs to file an amended complaint in order to allege the particularities required of a fraud claim [DE 47 at 17-18]. However, the Court also stated that "if no such amendment [was] filed, this case [would] proceed on the breach of contract claim [only]." *Id*. Because Plaintiffs never filed an amended complaint, the only remaining claim pending is the breach of contract claim

where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Broaddus v. Shields,* 665 F.3d 846, 860 (7th Cir. 2011) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). However, a motion for reconsideration should not serve as the occasion to tender new evidence or legal theories for the first time. *Publishers*, 762 F.2d at 561 (citation omitted). Whether to grant reconsideration is committed to the sound discretion of the court. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Here, the Defendants' motion is not supported by any circumstance making reconsideration appropriate. The instant case does not involve new factual issues or a change in the law, nor were the Defendants misunderstood litigants. In fact, in order to grant the Defendants' request, the Court would essentially have to make a decision outside the adversarial issues presented to the Court in Defendants' motion to dismiss.

That is, Defendants' sole basis for seeking reconsideration is that their motion to dismiss should have been granted in its entirety because Plaintiffs failed to respond to the motion or present any evidence in opposition. The Defendants rely primarily on *Kirksey v. R. J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) and *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995), as well as numerous district court decisions, which essentially stand for the proposition that federal courts will not create arguments for litigants and without a response to a motion to dismiss the court will dismiss the complaint if plausible reasons for such dismissal are established [DE 49].

2

Even if this is an accurate statement of the law, what Defendants fail to acknowledge is the fact that no Court is permitted to grant a motion to dismiss based on matters outside the pleadings. *See* Fed. R. Civ. P. 12(d) (indicating that if matters outside of the pleadings *are included and not excluded* by the court then the motion "*must* be treated as one for summary judgment.") (emphasis added). Here, the Plaintiffs' breach of contract claim could only be dismissed if the Court considered the contracts attached to the motion to dismiss, which the Court determined were outside of the pleadings [DE 47 at 8-11]—a ruling Defendants cannot successfully contest because the contracts provided by the Defendants "completely contradict[ed] the allegations in the Third Amended Complaint" and were not "mentioned in nor made central to Plaintiffs' claims." *Id*. at 6, 9. Rather than converting the motion into one for summary judgment, the Court denied the motion to dismiss with respect to the contract claim realizing that Defendants would not be prejudiced where they could subsequently file a motion for summary judgment. In filing a motion for summary judgment, Defendants could then properly submit the relevant contracts in such a way that would permit the Court to consider them.[2] Moreover, while a court *may* dismiss uncontested claims and consider them waived, none of the cases relied on by Defendants indicate that a court is *compelled* to do so—especially in a case, like here, where it would be impermissible to grant dismissal when the Rule 12(b) standard of review was not met by the moving party.

---

[2] In fact, while not affecting the Court's determination herein, the Court notes that Defendants have since filed a motion for summary judgment relying on the same contracts which could not be considered for purposes of a Rule 12(b)(6) motion [DE 57-60].

Thus, this Court properly determined that dismissal of the contract claim was improper where matters outside of the pleadings had to be considered in order to grant the relief requested. Based on the foregoing, Defendants motion for reconsideration is DENIED [DE 49].

SO ORDERED.

ENTERED:  April 2, 2013

        /s/ JON E. DEGUILIO
Judge
United States District Court